1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| STANLEY E. REDICK, III, | |
|---|---|
| Plaintiff, | Case No. 2:25-cv-02530-ODW-BFM |
| v. | **ORDER TO SHOW CAUSE RE: TRANSFER VENUE TO EASTERN DISTRICT OF CALIFORNIA** |
| COUNTY OF TUOLUMNE, et al., | |
| Defendant. | |

On March 21, 2025, Plaintiff Stanley E. Redick III filed a civil rights complaint in this District. (ECF 1.) In a declaration attached to the Complaint, Plaintiff states that he was wrongfully arrested for theft, and that the charges were ultimately dismissed. (ECF 2 at 2.) Plaintiff claims that the judge assigned to the case, Tuolumne County Superior Court Judge Siebert, acted improperly. (ECF 2 at 2.) He alleges judicial and prosecutorial misconduct. (ECF 1 at 3.) Plaintiff names as Defendants Tuolumne County; Judge Siebert; and Judge Laura Krieg, who prosecuted Plaintiff and is now a sitting superior court judge in Tuolumne County. (ECF 1 at 2.) Tuolumne County is in the Eastern District

of California. 28 U.S.C. § 84(b).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Judges Siebert and Craig sit in Tuolumne County, and there is no reason to believe that either of them resides in the Central District of California. Moreover, from Plaintiff's description of his claims, there is no reason to think that any relevant event happened in this District. Thus, there is no apparent connection between the Central District of California and Plaintiff's claims and no showing that venue lies in this District based on the requirements of 28 U.S.C. § 1391(b).

Plaintiff asserts that venue is proper in this District because the "County of Tuolumne cannot provide an unbiased forum due to systemic misconduct and entrenched conflicts of interest." (ECF 1 at 2.) But Plaintiff has not explained why the District Court located in the Eastern District of California—the *federal* court that covers Tuolumne County—cannot hear his claim. In any event, these allegations do not give the Court the authority to entertain this lawsuit. *See Smith v. U.S. Dep't of Educ.*, No. C 07-04885CW, 2007 WL 4357546, at *1 (N.D. Cal. Dec. 11, 2007).

Pursuant to 28 U.S.C. § 1406(a), if venue does not properly lie in this District, then the Court either must dismiss the action, or if it be in the interest of justice, must transfer the action to the proper district. *See Starnes v. McGuire*,

1  512 F.2d 918, 932 (D.C. Cir. 1974). The Court may do so sua sponte, so long as
2  it gives the parties an opportunity to be heard. *Costlow v. Weeks*, 790 F.2d 1486,
3  1488 (9th Cir. 1986).
4      The Court therefore notifies Plaintiff that it is considering transferring
5  his case to the United States District Court for the Eastern District of California
6  where venue appears to lie. **No later than April 3, 2025**, Plaintiff is
7  therefore **ORDERED** to show cause—to explain in writing—why this action
8  should not be transferred on the basis of improper venue. **Failure to file a**
9  **timely response to this Order will result in the transfer of this action**
10 **for the reasons set forth above**.

12 DATED: March 24, 2025       _____
13                                 BRIANNA FULLER MIRCHEFF
                                    UNITED STATES MAGISTRATE JUDGE

3